David J. McGlothlin, Esq. (SBN: 253265)
david@westcoastlitigation.com
Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
**Hyde & Swigart**
411 Camino Del Rio South, Suite 301
San Diego, CA 92108
(619) 233-7770
(619) 297-1022

Attorneys for Plaintiff
Mahbub Rahman

FILED

AUG 2 9 2012

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

| Mahbub Rahman | Case No: |
| Plaintiff, | **Complaint For Damages** |
| v. | **Jury Trial Demanded** |
| Commercial Recovery Systems, Inc., Randy Stone and Corey Cottingham, | |
| Defendants. | |

**INTRODUCTION**

1.  The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.  Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt

1    collection practices are not competitively disadvantaged, and to promote
2    consistent State action to protect consumers against debt collection abuses.

3  2.  The California legislature has determined that the banking and credit system
4    and grantors of credit to consumers are dependent upon the collection of just
5    and owing debts and that unfair or deceptive collection practices undermine
6    the public confidence that is essential to the continued functioning of the
7    banking and credit system and sound extensions of credit to consumers. The
8    Legislature has further determined that there is a need to ensure that debt
9    collectors exercise this responsibility with fairness, honesty and due regard
10    for the debtor's rights and that debt collectors must be prohibited from
11    engaging in unfair or deceptive acts or practices.

12  3.  Mahbub Rahman, (Plaintiff), through Plaintiff's attorneys, brings this action to
13    challenge the actions of Commercial Recovery Systems, Inc., Randy Stone
14    and Corey Cottingham, ("Defendants"), with regard to attempts by
15    Defendants to unlawfully and abusively collect a debt allegedly owed by
16    Plaintiff, and this conduct caused Plaintiff damages.

17  4.  Plaintiff makes these allegations on information and belief, with the exception
18    of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which
19    Plaintiff alleges on personal knowledge.

20  5.  While many violations are described below with specificity, this Complaint
21    alleges violations of the statutes cited in their entirety.

22  6.  Unless otherwise stated, all the conduct engaged in by Defendants took place
23    in California.

24  7.  Any violations by Defendants were knowing, willful, and intentional, and
25    Defendants did not maintain procedures reasonably adapted to avoid any such
26    violation.

27
28

HYDE & SWIGART
Phoenix, Arizona

**JURISDICTION AND VENUE**

8.  Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331, 15 U.S.C. § 1692(k), and 28 U.S.C. § 1367 for supplemental state claims.

9.  This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.32 ("Rosenthal Act").

10. Because Defendants do business within the State of California, personal jurisdiction is established.

11. Venue is proper pursuant to 28 U.S.C. § 1391.

12. At all times relevant, Defendants conducted business within the State of California.

**PARTIES**

13. Plaintiff is a natural person who resides in the City of San Francisco, State of California.

14. Defendants are located in the City of Dallas, in the State of Texas.

15. Plaintiff is obligated or allegedly obligated to pay a debt, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

16. Defendants are persons who use an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and are therefore debt collectors as that phrase is defined by 15 U.S.C. § 1692a(6).

17. Plaintiff is a natural person from whom a debt collector sought to collect a consumer debt which was due and owing or alleged to be due and owing from Plaintiff, and is a "debtor" as that term is defined by California Civil Code § 1788.2(h).

**HYDE & SWIGART**
Phoenix, Arizona

18. Defendants, in the ordinary course of business, regularly, on behalf of themselves, or others, engage in debt collection as that term is defined by California Civil Code § 1788.2(b), are therefore debt collectors as that term is defined by California Civil Code § 1788.2(c).

19. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction.   As such, this action arises out of a consumer debt and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

20. Plaintiff is informed and believes and thereon alleges that Defendants Randy Stone and Corey Cottingham that contacted Plaintiff were acting as agents of Defendant Commercial Recovery Systems, Inc.; Therefore, Defendant Commercial Recovery Systems, Inc. can be held responsible and is vicariously liable for the conduct of Defendants Randy Stone and Corey Cottingham, and vice versa, and Plaintiff incorporates all theories of vicarious liability within this Complaint, including, but not limited to, respondeat superior.

## FACTUAL ALLEGATIONS

21. Sometime before July 6, 2012, Plaintiff is alleged to have incurred certain financial obligations.

22. These financial obligations were primarily for personal, family or household purposes and are therefore a "debt" as that term is defined by 15 U.S.C. §1692a(5).

23. These alleged obligations were money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person and are therefore a "debt" as that term is defined by California Civil Code §1788.2(d), and a "consumer debt" as that term is defined by California Civil Code §1788.2(f).

HYDE & SWIGART
Phoenix, Arizona

24. Sometime thereafter, but before July 6, 2012, Plaintiff allegedly fell behind in the payments allegedly owed on the alleged debt. Plaintiff currently takes no position as to the validity of this alleged debt.

25. Subsequently, but before July 6, 2012, the alleged debt was assigned, placed, or otherwise transferred, to Defendants for collection.

26. On or about July 6, 2012, Defendant Corey Cottingham began calling Plaintiff demanding payment of the alleged debt.

27. This communication to Plaintiff was a "communication" as that term is defined by 15 U.S.C. § 1692a(2), and an "initial communication" consistent with 15 U.S.C. § 1692g(a).

28. This communication was a "debt collection" as Cal. Civ. Code 1788.2(b) defines that phrase, and an "initial communication" consistent with Cal. Civ. Code § 1812.700(b).

29. Defendant Corey Cottingham left Plaintiff a voicemail stating that Plaintiff or "their attorney" should contact Defendants "regarding a case that has been filed against you."

30. In all Defendants' voicemails Defendants failed to identify themselves and failed to disclose that Defendants were attempting to collect a debt and that any information obtained would be used for that purpose.

31. Through this conduct, Defendants violated 15 U.S.C. § 1692d(6) and 15 U.S.C. § 1692e(11).

32. Because this violated certain portions of the federal Fair Debt Collection Practices Act as these portions are incorporated by reference in the Rosenthal Fair Debt Collection Practices Act, through California Civil Code § 1788.17, this conduct or omission violated Cal. Civ. Code § 1788.17.

33. Through this conduct, Defendants placed a telephone call without disclosure of the caller's identity. Consequently, Defendant violated Cal. Civ. Code § 1788.11(b).

HYDE & SWIGART
Phoenix, Arizona

34. Defendant Commercial Recovery Systems, Inc. failed within five days after its initial communication with Plaintiff, to provide written notification containing a statement that unless Plaintiff, within thirty days after receipt of that notice, disputed the validity of the debt, or any portion thereof, Defendant Commercial Recovery Systems, Inc. would assume the debt was valid, or failed within five days after its initial communication with Plaintiff to provide a written notice containing a statement that if Plaintiff notified Defendant Commercial Recovery Systems, Inc. in writing, within the thirty-day period that the debt, or any portion thereof, was disputed, Defendant Commercial Recovery Systems, Inc. would obtain verification of the debt or a copy of a judgment against Plaintiff and a copy of such verification or judgment would be mailed to Plaintiff by Defendant Commercial Recovery Systems, Inc. and that Defendant Commercial Recovery Systems, Inc. would provide Plaintiff with the name and address of the original creditor. This omission by Defendant Commercial Recovery Systems, Inc. violated 15 U.S.C. § 1692g.

35. Because this omission violated the language in 15 U.S.C. § 1692g, Defendant Commercial Recovery Systems, Inc. also violated Cal. Civ. Code § 1788.17 as it incorporates 15 U.S.C. § 1692g.

36. Defendant Commercial Recovery Systems, Inc., a third party debt collector, failed, in the first written notice initially addressed to Plaintiff's California address in connection with collecting the alleged debt by Defendant Commercial Recovery Systems, Inc., pursuant to Cal. Civ. Code § 1812.700, and in the manner prescribed by Cal. Civ. Code § 1812.700(b) and Cal. Civ. Code § 1812.701(b), to provide a notice to Plaintiff as prescribed in Cal. Civ. Code § 1812.700(a). Consequently, pursuant to Cal. Civ. Code § 1812.702, this omission by Defendant Commercial Recovery Systems, Inc. violated the Rosenthal Act.

HYDE & SWIGART
Phoenix, Arizona

37. Plaintiff is informed and believes and thereupon alleges that Defendant has not filed a case against Plaintiff in an attempt to collect an alleged debt, and therefore Defendant was lying in the voicemails left for Plaintiff by Defendant.

38. Through this conduct, Defendants engaged in conduct the natural consequence of which was to harass, oppress, or abuse a person in connection with the collection of a debt. Consequently, Defendants violated 15 U.S.C. § 1692d.

39. Through this conduct, Defendants used a false, deceptive, or misleading representation or means in connection with the collection of a debt. Consequently, Defendants violated 15 U.S.C. § 1692e and 15 U.S.C. § 1692e(10).

40. Through this conduct, Defendants made a false representation concerning the character, amount, or legal status of a debt.  Consequently, Defendants violated 15 U.S.C. § 1692e(2)(A).

41. Through this conduct, Defendants threatened to take action that cannot legally be taken or that is not intended to be taken.  Consequently, Defendants violated 15 U.S.C. § 1692e(5).

42. Through this conduct, Defendants used an unfair or unconscionable means to collect or attempt to collect any debt.  Consequently, Defendants violated 15 U.S.C. § 1692f.

43. Because this violated certain portions of the federal Fair Debt Collection Practices Act as these portions are incorporated by reference in the Rosenthal Fair Debt Collection Practices Act, through California Civil Code § 1788.17, this conduct or omission violated Cal. Civ. Code § 1788.17.

44. On or about July 13, 2012, July 18, 2012, July 27, 2012, July 28, 2012  and August 3, 2012, Defendant Randy Stone called Plaintiff and made similar

HYDE & SWIGART
Phoenix, Arizona

1   threats as in the July 6, 2012 call. Defendant also referenced a case number
2   for a case that had allegedly been filed against Plaintiff.

3   45.   On several occasions Defendant Randy Stone also threatened to file a 1099
4   with the Internal Revenue Service.

5   46.   In these voicemails Defendants again failed to identify themselves and failed
6   to disclose that Defendants were attempting to collect a debt and that any
7   information obtained would be used for that purpose.

8   47.   Through this conduct, Defendants violated 15 U.S.C. § 1692d(6) and 15
9   U.S.C. § 1692e(11).

10   48.   Because this violated certain portions of the federal Fair Debt Collection
11   Practices Act as these portions are incorporated by reference in the Rosenthal
12   Fair Debt Collection Practices Act, through California Civil Code § 1788.17,
13   this conduct or omission violated Cal. Civ. Code § 1788.17.

14   49.   Through this conduct, Defendants placed a telephone call without disclosure
15   of the caller's identity.   Consequently, Defendant violated Cal. Civ. Code §
16   1788.11(b).

17   50.   Through this conduct, Defendants engaged in conduct the natural
18   consequence of which was to harass, oppress, or abuse a person in connection
19   with the collection of a debt. Consequently, Defendants violated 15 U.S.C. §
20   1692d.

21   51.   Through this conduct, Defendants used a false, deceptive, or misleading
22   representation or means in connection with the collection of a debt.
23   Consequently, Defendants violated 15 U.S.C. § 1692e and 15 U.S.C. §
24   1692e(10).

25   52.   Through this conduct, Defendants made a false representation concerning the
26   character, amount, or legal status of a debt.   Consequently, Defendants
27   violated 15 U.S.C. § 1692e(2)(A).

28

**HYDE & SWIGART**
Phoenix, Arizona

53. Through this conduct, Defendants threatened to take action that cannot legally be taken or that is not intended to be taken. Consequently, Defendants violated 15 U.S.C. § 1692e(5).

54. Through this conduct, Defendants used an unfair or unconscionable means to collect or attempt to collect any debt. Consequently, Defendants violated 15 U.S.C. § 1692f.

55. Because this violated certain portions of the federal Fair Debt Collection Practices Act as these portions are incorporated by reference in the Rosenthal Fair Debt Collection Practices Act, through California Civil Code § 1788.17, this conduct or omission violated Cal. Civ. Code § 1788.17.

56. Plaintiff returned Defendants call and during this conversation Defendant made the same threats directly to Plaintiff.

57. Defendants abusive actions concentrated in a short amount of time overwhelmed Plaintiff causing him significant actual damages.

58. Due to Defendants' abusive actions, Plaintiff suffered mental anguish type damages which manifested in symptoms including but not limited to sleeplessness, hopelessness, helplessness, pessimism, nervousness, restlessness, irritability, depression, sadness, stress, anxiety, embarrassment, changes in appetite, headaches, digestive problems, and fear of answering the telephone, which all greatly impacted Plaintiff's employment and personal relationships.

## CAUSES OF ACTION

## COUNT I

## FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)

## 15 U.S.C. §§ 1692 ET SEQ.

59. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

60. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

61. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from each and every defendant, jointly and severally.

## COUNT II

### ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT (ROSENTHAL ACT)
### CAL. CIV. CODE §§ 1788-1788.32

62. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

63. The foregoing acts and omissions constitute numerous and multiple violations of the Rosenthal Act, including but not limited to each and every one of the above-cited provisions of the Rosenthal Act, Cal. Civ. Code §§ 1788-1788.32

64. As a result of each and every violation of the Rosenthal Act, Plaintiff is entitled to any actual damages pursuant to Cal. Civ. Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from each and every defendant, jointly and severally.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendant, and Plaintiff be awarded damages from Defendant, as follows:

- An award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1);
- An award of statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

HYDE & SWIGART
Phoenix, Arizona

- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3);
- An award of actual damages pursuant to California Civil Code § 1788.30(a);
- An award of statutory damages of $1,000.00 pursuant to Cal. Civ. Code § 1788.30(b);
- An award of costs of litigation and reasonable attorney's fees, pursuant to Cal. Civ. Code § 1788.30(c).

65. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Respectfully submitted,

**Hyde & Swigart**

Date: August 24, 2012          By:_____

Joshua B. Swigart
Attorneys for Plaintiff